TERRELL, Chief Justice.
January 29, 1957, the City of 'Hall'andalé' filed its petition to validate public improve-: ment certificates, hereinafter called certifi-' cates, in the sum of $400,000 for the construction of 'municipal improvements, to wit, “two swimming pools; off street parking facilities; a public library; an addition to the City Hall; additional street lights; the construction and widening of various streets and sidewalks, including acquisition óf rights of way therefor, either by purchase or condemnation; the improvement' of fcertain public parks; the improvement of the public ' beach; the acquisition of additional parks; additions and improvements to the cemetery; the acquisition and improvement of garbage and trash disposal facilities, and drainage facilities;' the payment of all incidental engineering costs for these improvements or all legal and fiscal costs.” !
Order to show' cause was duly'published',; rule nisi was issued, answer was filed by-state attorney and on February '28, 1957, *8 final decree validating the certificates was entered. In his final decree of validation the chancellor found that the City of Hal-landale was duly and legally organized as a municipal corporation, that under the laws of Florida and its city charter it was authorized to issue the certificates sought to be validated, that the City Commission of Hallandale on July 5, 1950, adopted Ordinance No. 252 granting a franchise to Florida Power and Light Company, that said ordinance was approved by the qualified electors of the City at an election held August 8, 1950, and that said City Commission on January 3, 1956, legally adopted an ordinance providing for the levy and collection of a tax or charge imposed on the purchase of electricity, metered or bottled gas (natural, liquefied petroleum gas or manufactured), and did by resolution duly and legally adopted September 11, 1956, authorize the issuance of certificates in the sum of $400,000 dated April 1, 1956, for the purpose of making the improvements in question. The court further found that no taxpayer or citizen or other person intervened or applied to become a party to the cause or show why the certificates should not be issued and that all requirements of law affecting their issue had been met. This appeal is from the final decree of validation.
Appellants have not filed a brief as required by the rules, nor has the procedure followed by them been regular. It is first contended that the improvements proposed are not specific but are too vague and indefinite. It is not contended that they are not authorized by the City or that they are not for a legal purpose.
We do not think there is any merit to this contention. The chancellor found to the contrary and there is ample support in the record for his finding. The resolution authorizing issuance of the certificates, including their content, provide that “this certificate including interest thereon, is payable solely from the aforesaid revenues (first pledge of the revenues to he derived by the City from the tax levied by it on the purchase of electricity, metered or bottled gas in the City and the revenues to be received annually by said City from Florida Power and Light Company for the franchise granted said company by the City pursuant to Ordinance 252, adopted July 5, 1950), and does not constitute an indebtedness of the City of Hallandale within the meaning of any constitutional, statutory or charter provision or limitation,” and “it is expressly agreed by the holder of this certificate that such holder shall never have the right to require or compel the exercise of the ad valorem taxing power of said City or the taxation or assessment of real estate in said City for payment of the principal or interest on this certificate or making of any sinking fund, reserve or other payments provided for in the above described resolution. It is further agreed between said City and the holder of this certificate and the obligation evidenced thereby shall not constitute a lien upon any property of or in the City of Hallandale but shall constitute a lien only on the revenues hereinabove in this paragraph described.” See also Welker v. State, Fla., 93 So.2d 591, 594.
Appellants’ second point is predicated on failure to comply with Section 100.201, Florida Statutes 1955, F.S.A. (Section 6, Article IX, Constitution, F.S.A.), and is equally without merit.
This court has repeatedly held that revenue certificates payable solely from returns derived from utility taxes and franchise fees are not bonds as contemplated by Section 6, Article IX of the Constitution requiring an approving vote of the freeholders. What we said in answer to the first question presented is ample to dispose of this question.
The validation decree is accordingly affirmed.
Affirmed.
THOMAS, ROBERTS and THORNAL, JJ., concur.